UNITED STATES DISTRICT COURT APR 5 2012
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

CHAUNA CRAWLEY )
)
           Plaintiff, )
)
v. )
)
CAVALRY PORTFOLIO SERVICES, LLC )
)
     SERVE:     THE CORPORATION )
                TRUST INC. )
                351 West Camden Street )
                Baltimore, MD 21201 )
)
           Defendant. )

CIVIL ACTION NO.

3 : 12 CV 252

## COMPLAINT

COMES NOW the Plaintiff, Chauna Crawley ("Crawley" or "Plaintiff"), by counsel, and

as for her Complaint against the Defendant, she alleges as follows:

1.      This is an action for actual and statutory damages, costs, and attorney's fees

brought pursuant to 15 U.S.C. § 1692, et seq. (the Fair Debt Collection Practices Act or

"FDCPA").

## JURISDICTION

2.      Jurisdiction is proper pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

## PARTIES

3.      Plaintiff is a natural person who resides in the Commonwealth of Virginia and at

all times relevant hereto was a "consumer" as that term is defined by the FDCPA.

4.      Cavalry Portfolio Services, LLC, ("Cavalry" or "Defendant"), is a Delaware

limited liability company with its headquarters and principal place of business located in

Valhalla, New York. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant hereto, Cavalry was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

5.      Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the FDCPA, namely, a credit card with HSBC Bank Nevada, N.A./Orchard Bank.

6.      Plaintiff defaulted on the loan after she lost her job and was unable to continue making payments.

7.      Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8.      In an attempt to collect this debt, Defendant filed a Warrant in Debt against the Plaintiff in New Kent General District Court.

9.      Defendant mailed a copy of the Warrant in Debt to Plaintiff.

10.      Upon receipt of the Warrant in Debt, Plaintiff called Defendant regarding the debt.

11.      Defendant informed Plaintiff that if she agreed to a payment plan and made the first payment before her court date, it would inform the court of the payment plan and that she would not have to attend the court hearing.

12.      Relying on Defendant's representation, Plaintiff made a payment to Defendant on or around December 10 and did not appear in court on the warrant's return date.

13.      Defendant did not inform the court of the payment plan between it and the Plaintiff. Instead, it appeared in court and took a default judgment against her.

2

14.    Furthermore, Defendant attempted to collect court costs from Plaintiff before they were due, in other words, before a court awarded them.

15.    Plaintiff has suffered actual damages as a result of these illegal collection actions by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation and embarrassment, amongst other negative emotions.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692d

16.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

17.    The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by its actions, which include, but are not limited to, abusing and harassing Plaintiff.

18.    As a result of the actions taken by the Defendant, which include, but are not limited to, telling the Plaintiff that making a payment would eliminate her need to appear in court, the Plaintiff has incurred actual damages.

19.    Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692e

20.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

21.    The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e by its actions, which include, but are not limited to, using false, deceptive, or misleading representations or means in connection with the collection a debt.

22.    As a result of these actions taken by Defendant, including its false representation

3

to the Plaintiff that making a payment would eliminate her need to appear in court, the Plaintiff

has incurred actual damages.

23.      Plaintiff is therefore entitled to an award of actual and statutory damages against

Defendant as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT THREE:**
**VIOLATION OF 15 U.S.C. § 1692e(2)**

24.      Plaintiff restates each of the allegations in the preceding paragraphs as if set forth

at length herein.

25.      The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §

1692e(2) by its actions, which include, but are not limited to, falsely representing the amount or

legal status of a debt owed.

26.      As a result of these actions taken by Defendant, which include but are not limited

to the attempt to collect an amount not legally due, Plaintiff has incurred actual damages.

27.      Plaintiff is therefore entitled to an award of actual and statutory damages against

Defendant, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT FOUR:**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

28.      Plaintiff restates each of the allegations in the preceding paragraphs as if set forth

at length herein.

29.      The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §

1692e(10) by its actions, which include but are not limited to, using a false representation as a

means to collect a debt.

30.      As a result of these actions taken by the Defendant, Plaintiff has incurred actual

damages and is therefore entitled to an award of actual and statutory damages against the

4

Defendant as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. § 1692f

31    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

32.    The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by its actions, which include, but are not limited to, using unfair means to collect or to attempt to collect a debt.

33.    As a result of these actions taken by Defendant, which include, but are not limited to, unfairly telling the Plaintiff that making a payment would eliminate her need to appear in court, the Plaintiff has incurred actual damages.

34.    Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIX:
## VIOLATION OF 15 U.S.C. § 1692f(1)

35.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

36.    The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by its actions, which include, but are not limited to, the collection of an amount that is not permitted by law.

37.    As a result of these actions taken by Defendant, which include, but are not limited to, attempting to collect an amount not legally due, Plaintiff has incurred actual damages.

38.    Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

5

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages, attorney's fees and costs, pursuant to the Fair Debt Collection Practices Act, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**CHAUNA CRAWLEY**

By _____
  Of Counsel

MATTHEW J. ERAUSQUIN, VSB#65434
JANELLE E. MASON, VSB#82389
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
Telephone:   (703) 273-7770
Facsimile:   (888) 892-3512
matt@clalegal.com
janelle@clalegal.com

6