UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CHAUNA CRAWLEY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 3:12cv252 |
| | ) |
| CAVALRY PORTFOLIO SERVICES, LLC | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW Cavalry Portfolio Services, LLC ("Cavalry"), by counsel, and for its Answer to the Complaint filed by Chauna Crawley ("Crawley"), states as follows:

1. Paragraph 1 contains conclusions of law to which no response is necessary. To the extent that paragraph 1 alleges any facts, they are denied.

### Jurisdiction

2. Paragraph 2 contains conclusions of law to which no response is necessary. To the extent that paragraph 2 alleges any facts, they are denied.

### Parties

3. Paragraph 3 contains conclusions of law to which no response is necessary. To the extent that paragraph 3 alleges any facts, they are denied.

4. Cavalry admits that it transacts business in the Eastern District of Virginia and raises no objection to venue. The remaining allegations of paragraph 4 contain conclusions of law to which no response is necessary.

### Statement of Facts

5. Paragraph 5 contains conclusions of law to which no response is necessary. To the

extent that paragraph 5 alleges any facts, they are denied.

6. Cavalry is without sufficient information to either admit or deny the allegations of paragraph 6 and therefore denies the same.

7. Cavalry admits that it has attempted to collect money owed by Crawley. The remaining allegations of paragraph 7 are denied.

8. Cavalry admits that the law firm of Dominion Law Associates, PLLC filed a Warrant in Debt against Crawley in the County of New Kent General District Court. The remaining allegations of paragraph 8 are denied.

9. Cavalry admits that Dominion Law Associates, PLLC mailed a copy of the Warrant in Debt to Crawley.

10. Cavalry is without sufficient information to either admit or deny the allegations of paragraph 10 and therefore denies the same.

11. Cavalry is without sufficient information to either admit or deny the allegations of paragraph 11 and therefore denies the same.

12. Cavalry is without sufficient information to either admit or deny the allegations of paragraph 12 and therefore denies the same.

13. Cavalry is without sufficient information to either admit or deny the allegations of paragraph 13 and therefore denies the same.

14. Cavalry denies the allegations of paragraph 14.

15. Cavalry denies the allegations of paragraph 15.

### Count One: Violation of 15 U.S.C. § 1692d

16. Cavalry restates and realleges its responses to paragraphs 1-15 of the Complaint.

17. Cavalry denies the allegations of paragraph 17.

18. Cavalry denies the allegations of paragraph 18.

19. Cavalry denies the allegations of paragraph 19.

### Count Two: Violation of 15 U.S.C. § 1692e

20. Cavalry restates and realleges its responses to paragraphs 1-19 of the Complaint.

21. Cavalry denies the allegations of paragraph 21.

22. Cavalry denies the allegations of paragraph 22.

23. Cavalry denies the allegations of paragraph 23.

### Count Three: Violation of 15 U.S.C. § 1692e(2)

24. Cavalry restates and realleges its responses to paragraphs 1-23 of the Complaint.

25. Cavalry denies the allegations of paragraph 25.

26. Cavalry denies the allegations of paragraph 26.

27. Cavalry denies the allegations of paragraph 27.

### Count Four: Violation of 15 U.S.C. § 1692e(10)

28. Cavalry restates and realleges its responses to paragraphs 1-27 of the Complaint.

29. Cavalry denies the allegations of paragraph 29.

30. Cavalry denies the allegations of paragraph 30.

### Count Five: Violation of 15 U.S.C. § 1692f

31. Cavalry restates and realleges its responses to paragraphs 1-30 of the Complaint.

32. Cavalry denies the allegations of paragraph 32.

33. Cavalry denies the allegations of paragraph 33.

34. Cavalry denies the allegations of paragraph 34.

### Count Six: Violation of 15 U.S.C. § 1692f(1)

35. Cavalry restates and realleges its responses to paragraphs 1-34 of the Complaint.

36. Cavalry denies the allegations of paragraph 36.

37. Cavalry denies the allegations of paragraph 37.

38. Cavalry denies the allegations of paragraph 38.

39. Any factual allegation that is not expressly admitted by Cavalry is hereby denied.

### Affirmative Defenses

40. If the financial obligation that was incurred by Crawley was not primarily for a personal, family or household purpose, then the Fair Debt Collections Practices Act (the "FDCPA") is inapplicable. As a result of the inapplicability of the FDCPA, the Court lacks subject matter jurisdiction.

41. Cavalry may be entitled to a setoff based upon its judgment taken against the plaintiff in New Kent County General District Court.

WHEREFORE, Cavalry Portfolio Services, LLC, by counsel, respectfully requests that this Court dismiss this matter with prejudice and award it such other relief that the Court deems appropriate.

Respectfully submitted,

CAVALRY PORTFOLIO SERVICES, LLC

__/s/_____
Mark R. Colombell, VSB No. 48183
Robert R. Musick, VSB No. 48601
*Thompson*McMullan, P.C.
100 Shockoe Slip
Third Floor
Richmond, Virginia 23219
804.649.7545
804.780.1813 Fax
mcolombell@t-mlaw.com
bmusick@t-mlaw.com
*Attorney for Defendant Cavalry Portfolio Services, LLC*

## CERTIFICATE OF SERVICE

I certify that on May 18, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

> Matthew J. Erausquin, Esq.
> Janelle E. Mason, Esq.
> Consumer Litigation Associates, P.C.
> 1800 Diagonal Road, Suite 600
> Alexandria, VA 22314
> Email: matt@clalegal.com
> Email: Janelle@clalegal.com

_____/s/_____
Mark R. Colombell, Esq. (VSB #48183)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Phone (804) 698-6251
Fax (804) 780-1813
Email: mcolombell@t-mlaw.com
*Attorney for Cavalry Portfolio Services, LLC*