UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHAUNA CRAWLEY, et al., )
)
   Plaintiff )
)
v. ) Case No. 3:12cv252
)
CAVALRY PORTFOLIO SERVICES, LLC, et al, )
)
   Defendants. )

## ANSWER TO FIRST AMENDED COMPLAINT

COME NOW the defendants, Cavalry Portfolio Services, LLC, Cavalry Investments, LLC, Cavalry SPV I, LLC and Cavalry SPV II, LLC (collectively referred to as the "Defendants"), by counsel, and for their Answer to the First Amended Complaint (the "Amended Complaint") filed by Chauna Crawley and Barbara Woodson (collectively referred to as the "Plaintiffs"), state as follows:

1. Paragraph 1 contains conclusions of law to which no response is necessary. To the extent that paragraph 1 alleges any facts, they are denied.

### Jurisdiction

2. Paragraph 2 contains conclusions of law to which no response is necessary. To the extent that paragraph 2 alleges any facts, they are denied.

### Parties

3. Paragraph 3 contains conclusions of law to which no response is necessary. To the extent that paragraph 3 alleges any facts, they are denied.

4. The Defendants admit that Cavalry Investments, LLC is a Delaware limited liability company with its headquarters and principal place of business located in Valhalla, New

York. The remaining allegations in paragraph 4 constitute a legal conclusion that requires no response.

5. The Defendants admit that Cavalry Portfolio Services, LLC is a Delaware limited liability company with its headquarters and principal place of business located in Valhalla, New York. The remaining allegations in paragraph 5 constitute a legal conclusion that requires no response.

6. The Defendants admit that Cavalry SPV I, LLC is a Delaware limited liability company with its headquarters and principal place of business located in Valhalla, New York. The remaining allegations in paragraph 6 constitute a legal conclusion that requires no response.

7. The Defendants admit that Cavalry SPV II, LLC is a Delaware limited liability company with its headquarters and principal place of business located in Valhalla, New York. The remaining allegations in paragraph 7 constitute a legal conclusion that requires no response.

**Statement of Facts**

8. Paragraph 8 contains conclusions of law to which no response is required. To the extent that paragraph 8 alleges any facts, they are denied.

9. The Defendants deny the allegations of paragraph 9.

10. Paragraph 10 references portions of a webpage that requires no response. The webpage speaks for itself. To the extent a response is required, the Defendants deny the allegations of paragraph 10 to the extent they differ from contents of the webpage.

11. The Defendants admit the allegations of paragraph 11.

12. The Defendants deny the allegations of paragraph 12.

13. The Defendants admit Cavalry SPV I, LLC and Cavalry SPV II, LLC have no employees. The Defendants deny the remaining allegations of paragraph 13.

14. Paragraph 14 contains conclusions of law to which no response is required. To the extent that a paragraph 14 alleges any facts, they are denied.

15. Paragraph 15 contains conclusions of law to which no response is required. To the extent that a paragraph 15 alleges any facts, they are denied.

16. Paragraph 16 contains conclusions of law to which no response is necessary. To the extent that paragraph 16 alleges any facts, they are denied.

17. The Defendants admit that at times, CPS deals directly with consumers. The remaining allegations of paragraph 17 are denied.

### Defendants' Debt Buying Operation

18. The Defendants deny the allegations of paragraph 18. Not all of the Defendants are debt buyers.

19. The Defendants deny the allegations of paragraph 19.

20. The Defendants deny the allegations of paragraph 20.

21. The Defendants deny the allegations of paragraph 21.

### Defendants' Fraudulent Conduct

22. The Defendants admit that law firms are retained to handle collection matters. The remaining allegations of paragraph 22 are denied.

23. The Defendants deny the allegations of paragraph 23.

24. The Defendants deny the allegations of paragraph 24.

25. The Defendants deny the allegations of paragraph 25.

26. The Defendants deny the allegations of paragraph 26.

27. The Defendants deny the allegations of paragraph 27.

28. The Defendants deny the allegations of paragraph 28.

29. The Defendants deny the allegations of paragraph 29.

**Defendants' Specific Collection Conduct Regarding Chauna Crawley**

30. The Defendants admit Cavalry SPV I, LLC purchased the account from HSBC Bank Nevada, N.A. and subsequently assigned it to Cavalry Portfolio Services, LLC. The remaining allegations of paragraph 30 are denied.

31. The Defendants admit that a Warrant in Debt was filed by retained counsel against Chauna Crawley in the New Kent County General District Court. The Defendants deny the remaining allegations.

32. The Defendants deny the allegations of paragraph 32.

33. Paragraph 33 references portions of a document (i.e. the Summary Screen) that requires no response. The document speaks for itself. To the extent a response is required, the Defendants deny the allegations of paragraph 33.

34. The Defendants deny the allegations of paragraph 34.

35. The Defendants deny the allegations of paragraph 35.

36. The Defendants deny the allegations of paragraph 36.

37. The Defendants deny the allegations of paragraph 37.

38. The Defendants admit that Chauna Crawley submitted a partial payment and failed to appear for the return date. The remaining allegations of paragraph 38 are denied.

39. The Defendants admit that default judgment was taken against Chauna Crawley. The remaining allegations of paragraph 39 are denied.

40. The Defendants are without sufficient information to admit or deny the allegations of paragraph 40 and therefore deny the same.

41. The Defendants deny the allegations of paragraph 41.

42. The Defendants admit that attempts were made to recover the costs of collection from Chauna Crawley. The remaining allegations of paragraph 42 are denied.

43. Paragraph 43 sets forth a legal conclusion that requires no response. To the extent a response is required, the Defendants deny the allegations of paragraph 43.

44. The Defendants deny the allegations of paragraph 44.

45. Paragraph 45 sets forth a legal conclusion that requires no response. To the extent a response is required, the Defendants deny the allegations of paragraph 45.

46. The Defendants deny the allegations of paragraph 46.

47. The Defendants deny the allegations of paragraph 47.

### Defendants' Specific Collection Conduct Regarding Barbara Woodson

48. The Defendants admit that Cavalry SPV I, LLC purchased the account from Wells Fargo Bank, N.A. The remaining allegations of paragraph 48 are denied.

49. The Defendants admit that a Warrant in Debt was filed by retained counsel against Barbara Woodson in the Henrico County General District Court. The Defendants deny that the Defendants filed the Warrant in Debt.

50. Paragraph 50 references portions of a document (i.e. the Warrant in Debt) that requires no response. The document speaks for itself. To the extent a response is required, the Defendants deny the allegations of paragraph 50.

51. The Defendants deny the allegations of paragraph 51.

52. The Defendants deny the allegations of paragraph 52.

53. The Defendants are without sufficient information to admit or deny the allegations of paragraph 53 and therefore deny the same.

54. The Defendants deny the allegations of paragraph 54.

55. The Defendants admit that Barbara Woodson submitted a partial payment. The remaining allegations of paragraph 55 are denied.

56. The Defendants are without sufficient information to admit or deny the allegations of paragraph 56 and therefore deny the same.

57. The Defendants are without sufficient information to admit or deny the allegations of paragraph 57 and therefore deny the same.

58. The Defendants are without sufficient information to admit or deny the allegations of paragraph 58 and therefore deny the same.

59. The Defendants are without sufficient information to admit or deny the allegations of paragraph 59 and therefore deny the same.

60. The Defendants are without sufficient information to admit or deny the allegations of paragraph 60 and therefore deny the same.

### Count One: Violation of 15 U.S.C. § 1692d

61. The Defendants restate and reallege their responses to paragraphs 1-60 of the Amended Complaint.

62. The Defendants deny the allegations of paragraph 62.

63. The Defendants deny the allegations of paragraph 63.

64. The Defendants deny the allegations of paragraph 64.

### Count Two: Violation of 15 U.S.C. § 1692d(1)

65. The Defendants restate and reallege their responses to paragraphs 1-65 of the Amended Complaint.

66. The Defendants deny the allegations of paragraph 66.

67. The Defendants deny the allegations of paragraph 67.

68. The Defendants deny the allegations of paragraph 68.

### Count Three: Violation of 15 U.S.C. § 1692e

69. The Defendants restate and reallege their responses to paragraphs 1-68 of the Amended Complaint.

70. The Defendants deny the allegations of paragraph 70.

71. The Defendants deny the allegations of paragraph 71.

72. The Defendants deny the allegations of paragraph 72.

### Count Four: Violation of 15 U.S.C. § 1692e(2)

73. The Defendants restate and reallege their responses to paragraphs 1-72 of the Amended Complaint.

74. The Defendants deny the allegations of paragraph 74.

75. The Defendants deny the allegations of paragraph 75.

76. The Defendants deny the allegations of paragraph 76.

### Count Five: Violation of 15 U.S.C. § 1692e(10)

77. The Defendants restate and reallege their responses to paragraphs 1-76 of the Amended Complaint.

78. The Defendants deny the allegations of paragraph 78.

79. The Defendants deny the allegations of paragraph 79.

80. The Defendants deny the allegations of paragraph 80.

### Count Six: Violation of 15 U.S.C. § 1692e(11)

81. The Defendants restate and reallege their responses to paragraphs 1-80 of the Amended Complaint.

82. The Defendants deny the allegations of paragraph 82.

83. The Defendants deny the allegations of paragraph 83.

84. The Defendants deny the allegations of paragraph 84.

85. The Defendants deny the allegations of paragraph 85.

### Count Seven: Violation of 15 U.S.C. § 1692f

86. The Defendants restate and reallege their responses to paragraphs 1-85 of the Amended Complaint.

87. The Defendants deny the allegations of paragraph 87.

88. The Defendants deny the allegations of paragraph 88.

89. The Defendants deny the allegations of paragraph 89.

### Count Eight: Violation of 15 U.S.C. § 1692f(1)

90. The Defendants restate and reallege their responses to paragraphs 1-89 of the Amended Complaint.

91. The Defendants deny the allegations of paragraph 91.

92. The Defendants deny the allegations of paragraph 92.

93. The Defendants deny the allegations of paragraph 93.

### Count Nine: Violation of 18 U.S.C. § 1961

94. The Defendants restate and reallege their responses to paragraphs 1-93 of the Amended Complaint.

95. The Defendants deny the allegations of paragraph 95.

96. The Defendants deny the allegations of paragraph 96.

97. The Defendants deny the allegations of paragraph 97.

98. The Defendants deny the allegations of paragraph 98.

99. The Defendants deny the allegations of paragraph 99.

100. The Defendants deny the allegations of paragraph 100.

101. The Defendants deny the allegations of paragraph 101.

102. The Defendants deny the allegations of paragraph 102.

103. The Defendants deny the allegations of paragraph 103.

104. The Defendants deny the allegations of paragraph 104.

105. The Defendants deny the allegations of paragraph 105.

106. The Defendants deny the allegations of paragraph 106.

107. The Defendants deny the allegations of paragraph 107.

### Count Ten: Virginia Abuse of Process

108. The Defendants restate and reallege their responses to paragraphs 1-107 of the Amended Complaint.

109. The Defendants deny the allegations of paragraph 109.

110. The Defendants deny the allegations of paragraph 110.

111. The Defendants deny the allegations of paragraph 111.

112. Any factual allegations that are not expressly admitted by Cavalry are hereby denied.

### Affirmative Defenses

1. If the financial obligations that were incurred by the Plaintiffs were not primarily for personal, family or household purposes, then the Fair Debt Collections Practices Act (the "FDCPA") is inapplicable.

2. The Plaintiffs have failed to state a cause of action upon which relief can be granted pursuant to 15 U.S.C. § 1692, et seq.

3. The Plaintiffs have failed to state a cause of action upon which relief can be granted pursuant to 18 U.S.C. § 1961.

4. The Plaintiffs have failed to state a cause of action upon which relief can be granted for an alleged abuse of process.

5. Any alleged damages suffered by the Plaintiffs are the result of their own conduct and/or the actions of other individuals or entities other than the Defendants.

6. The Plaintiffs' claims should be dismissed because any alleged violations of the FDCPA by the Defendants was the result of a *bona fide* error, was unintentional, and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

7. The Plaintiffs have failed to allege sufficient facts to support a finding of vicarious liability.

8. The Plaintiffs' claims are subject to binding arbitration as more specifically set forth in the Defendants' Motion to Compel Arbitration.

9. In the alternative, the Plaintiffs' claims should be severed.

WHEREFORE, Cavalry Portfolio Services, LLC, Cavalry Investments, LLC, Cavalry SPV I, LLC and Cavalry SPV II, LLC, by counsel, respectfully request that this Court dismiss this matter with prejudice and award them such other relief that the Court deems appropriate.

Respectfully submitted,

CAVALRY PORTFOLIO SERVICES, LLC,

CAVALRY INVESTMENTS, LLC

CAVALRY SPV I, LLC and

CAVALRY SPV II, LLC,

By counsel,

/s/
Mark R. Colombell, VSB No. 48183
Robert R. Musick, VSB No. 48601
*Thompson*McMullan, P.C.
100 Shockoe Slip
Third Floor
Richmond, Virginia 23219
804.649.7545
804.780.1813 Fax
mcolombell@t-mlaw.com
bmusick@t-mlaw.com
*Attorney for the Defendants*

## CERTIFICATE OF SERVICE

I certify that on August 14, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

Matthew J. Erausquin, Esq.
Janelle E. Mason, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Email: matt@clalegal.com
Email: Janelle@clalegal.com

Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, VA 23601
Email: lenbennett@clalegal.com

/s/
Mark R. Colombell, Esq. (VSB #48183)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Phone (804) 698-6251
Fax (804) 780-1813
Email: mcolombell@t-mlaw.com
*Attorney for the Defendants*