UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHAUNA CRAWLEY, et al.,            )
                                   )
        Plaintiffs                 )
                                   )
v.                                 )    Case No. 3:12cv252
                                   )
CAVALRY PORTFOLIO SERVICES, LLC, et al.   )
                                   )
        Defendants.                )

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Cavalry Portfolio Services, LLC ("CPS"), Cavalry Investments, LLC ("CI"), Cavalry SPV I, LLC ("SPV I"), and Cavalry SPV II, LLC ("SPV II") (collectively the "Defendants"), submit the following reply brief in support of their motion to dismiss Counts Nine and Ten of the Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6). Counts Nine and Ten should be dismissed because they are factually insufficient. Count Ten should be dismissed because falsified or fabricated statements do not sufficiently constitute an abuse of process under Virginia law. *See Lucas v. Henrico County Sch. Bd.*, 2012 U.S. Dist. LEXIS 67060, 26 (E.D. Va. Apr. 11, 2012).

**I.      COUNTS NINE AND TEN LACK FACTUAL SUPPORT REGARDING THE "FALSE" REPRESENTATIONS IN THE AFFIDAVITS.**

Counts Nine and Ten of the Amended Complaint filed by Chauna Crawley and Barbara Woodson (collectively the "Plaintiffs") allege that the Defendants submitted false affidavits in collection lawsuits. Although the affidavits are integral to the Amended Complaint and are relied upon throughout, the Plaintiffs failed to submit the "false" affidavits as exhibits to the Amended Complaint.

In support of their motion to dismiss, the Defendants attached the affidavits so that this Court can compare the Plaintiffs' characterization of the affidavits with the actual content.  In response to the Defendants' motion to dismiss, the Plaintiffs contend that they have: (1) plead a plausible claim under the Racketeer Influenced Corrupt Organization statute, 18 U.S.C. § 1961, et seq. ("RICO"); (2) alleged sufficient facts to support a pattern of racketeering activity; (3) standing to bring a civil RICO claim; and (4) plead a plausible claim for abuse of process.  However, the Plaintiffs have failed to: (1) address the apparent discrepancy between their allegations in the Amended Complaint and the content of the affidavits which they claim are false; and (2) set forth the source of the information and the reasons for the belief that the affidavits contain misrepresentations.

The Plaintiffs' factual allegations regarding representations made in two affidavits are inconsistent with the actual affidavits and fail to meet the heightened pleading standard set forth in Rule 9(b).  Since the Plaintiffs' allegations regarding the veracity of the affidavits are not well plead, the Plaintiffs' claims under RICO and for abuse of process, which are wholly dependent on the Defendants mailing and submitting "false" affidavits, must fail.

### A.  Plaintiffs' Allegations in Support of the False Affidavits

The Amended Complaint contains very general and very specific allegations of fraudulent conduct allegedly perpetrated by the Defendants.  The Plaintiffs' general allegations of wrongful conduct can be found under the sub-heading of "Defendants' Fraudulent Conduct."  Am. Compl. ¶¶ 22-29.  These general allegations are not alleged to have been taken by the Defendants against these Plaintiffs.  In support of their general averments, the Plaintiffs suggest that the Defendants engage in a pattern or practice of submitting affidavits that contain material falsehoods and forged signatures without alleging how the Plaintiffs arrived at this

conclusion.  Am. Compl. ¶¶ 22-29.  However, the Plaintiffs do not allege that the Defendants engaged in this conduct with respect to the collection efforts against Chauna Crawley or Barbara Woodson.

Instead, the Amended Complaint contains a section called "Defendants' Specific Collection Conduct Regarding Chauna Crawley."  Am. Compl. ¶¶ 30-47.  The Plaintiffs allege that the Defendants filed a Warrant in Debt against Chauna Crawley in New Kent General District Court.  Am. Compl. ¶ 31.  In support of the specific fraudulent conduct allegedly perpetrated against Chauna Crawley, the Plaintiffs allege that the "Defendants submitted a false affidavit along with this Warrant in Debt, misrepresenting that the affiant had personal knowledge of the account and had reviewed the account records."  Am. Compl. ¶ 32.

The Amended Complaint also contains a section called "Defendants' Specific Collection Conduct Regarding Barbara Woodson."  Am. Compl. ¶¶ 48-60.  The Plaintiffs allege that the Defendants filed a Warrant in Debt against Barbara Woodson in Henrico General District Court.  Am. Compl. ¶ 49.  In support of the specific fraudulent conduct allegedly perpetrated against Barbara Woodson, the Plaintiffs allege that the "Defendants submitted a false affidavit along with this Warrant in Debt, misrepresenting that the affiant had personal knowledge of the account and had reviewed the account records."  Am. Compl. ¶ 51.

The Plaintiffs' RICO and abuse of process claims are wholly dependent on the mailing and submission of false affidavits that misrepresent that the affiant had personal knowledge of the account and had reviewed the account records.  In support of their RICO claim, the Plaintiffs allege that the creation and use of the fraudulent affidavits for use in the collection lawsuits against Chauna Crawley and Barbara Woodson violated the federal mail and wire fraud statutes.  Am. Compl. ¶ 102.  In support of their abuse of process claim, the Plaintiffs allege an "improper

3

motive and purpose" stemming from the Defendants' "improper use of a false affidavit as a means to circumvent the impossible burdens faced if they actually had to prove an indebtedness." Am. Compl. ¶ 109.

### B. The Actual Content of the Affidavits

The affidavits are integral to the Amended Complaint and are relied upon throughout. As a result, the Defendants attached the affidavits as exhibits in support this Motion to Dismiss. *See* Exhibits 1 and 2 attached to the Memo in Support of Defendants' Motion to Dismiss. When a plaintiff fails to introduce a pertinent document as part of his complaint the defendant may attach the document to a motion to dismiss the complaint and the court may consider the same without converting the motion to one for summary judgment. *Gasner v. County of Dinwiddie*, 162 F.R.D. 280 (E.D. Va. 1995), aff'd, 103 F.3d 351 (4th Cir. 1996). This ruling encompasses not only documents quoted, relied upon, or incorporated by reference in the complaint, but also official public records pertinent to the plaintiff's claims. *Id.*

The affidavits are similar in form and content. The affidavit regarding Chauna Crawley provides in relevant part that:

(1) the affiant is a duly authorized agent for CPS;

(2) the affiant is acting in her capacity as Legal Administrator for CPS;

(3) Chauna Crawley opened an account with HSBC Bank Nevada, N.A.\ Orchard Bank ("HSBC") on July 25, 2004, which account became delinquent and charged off;

(4) as of December 14, 2010, the balance due and owing on the account was $1,727.47;

(5) the account was purchased by SPV I on September 22, 2009 and subsequently assigned to CPS;

(6) CPS maintains computerized records that record any business act, condition or event;

4

(7) the affiant reviewed CPS's computerized record for Chauna Crawley;

(8) **the affidavit is based upon the affiant's review of CPS's computerized record and the affiant could testify to the matters set forth herein based on that review** (emphasis added);

(9) HSBC transferred copies of its account records ("HSBC's Account Records") in electronic format to CPS.

The affidavit regarding Barbara Woodson provides in relevant part that:

(1)  the affiant is a duly authorized agent for CPS;

(2) the affiant is acting in her capacity as Legal Administrator for CPS;

(3) Barbara Woodson opened an account with Wells Fargo Bank, N.A. ("Wells Fargo") on January 21, 2009, which account became delinquent and charged off;

(4) as of October 25, 2011, the balance due and owing on the account was $2,478.36;

(5) the account was purchased by SPV I on May 20, 2010 and subsequently assigned to CPS;

(6) CPS maintains computerized records that record any business act, condition or event;

(7) the affiant reviewed CPS's computerized record for Barbara Woodson;

(8) **the affidavit is based upon the affiant's review of CPS's computerized record and the affiant could testify to the matters set forth herein based on that review** (emphasis added);

(9) Wells Fargo transferred copies of its account records ("Wells Fargo's Account Records") in electronic format to CPS.

**C.  The Affiants Do Not Claim "Personal Knowledge" of the Accounts.**

In support of their claims that the Defendants submitted "false" affidavits, the Plaintiffs allege that the affiants claimed "personal knowledge of the account" in the affidavits.  Am. Compl. ¶¶ 32, 51.  The Plaintiffs' allegation is inconsistent with the plain language of the affidavits.  Based on a simple reading of the affidavits, the affiants are not claiming "personal

knowledge of the account." The affiants' testimony is based on their review of CPS's "computerized record." The affiants specifically state "I have reviewed the applicable computer record as it relates to the Account, and I make this Affidavit based upon information from that review, and if called as a witness, I could testify to the following based on that review."

When the Plaintiffs' factual allegations are inconsistent with the actual language of the affidavits, the language of the affidavits controls. *See Ott v. Home Sav. & Loan Asso.*, 265 F.2d 643, 646-47 (9th Cir. 1958) (a legal conclusion in a complaint, which is inconsistent with document attached as exhibit thereto, is of no effect, and judicial determination of the effect of the exhibit prevails over pleader's denomination of the exhibit); *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 219-220 (7th Cir. 1997) (for purposes of motion to dismiss, document appended to complaint is treated as part of complaint in deciding whether facts alleged state claim, and relevant video tape which was included in appellate record and which plaintiff's attorney urged court to watch will also be treated as if it were document appended to complaint); *City of Waukegan v. Nat'l Gypsum Co.*, 587 F.Supp.2d 997, 1001 (N.D. Il. 2008) (although exhibits were treated as part of complaint, pursuant to Fed. R. Civ. P. 10(c), court was not bound by the plaintiff's characterizations of exhibits attached to its complaint and could independently examine those exhibits for inconsistencies between them and the plaintiff's allegations).

Under the motion to dismiss standard, only well plead factual allegations must be accepted as true. *See Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Trulock v. Freeh,* 275 F.3d 391, 405 (4th Cir. 2001). Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, the Fourth Circuit has held that when a defendant attaches a document to its motion to dismiss, "a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the plaintiffs do not

challenge its authenticity."  *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *see also Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998).  The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint - lack of notice to the plaintiff - is diminished "[w]here plaintiff has actual notice …and has relied upon these documents in framing the complaint."  The rule seeks to prevent a plaintiff from maintaining a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent.  *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 367 F.3d 212, 234 (4th Cir. Va. 2004) (citing *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Since the affiants do not claim "personal knowledge" of the accounts, the Court should disregard any of the Plaintiffs' allegations that are inconsistent with the actual language of the affidavits.

### D. The Plaintiffs' Assertion that the Affiants Did Not Review "Account Records" Cannot Survive Rule 9(b).

Pursuant to FED. R. CIV. P. 9(b), the Plaintiffs must state with particularity the circumstances constituting fraud or mistake.  This heightened pleading requirement applies to civil RICO claims.  *See Nitro Distributing, Inc. v. Alticor, Inc.*, 565 F.3d 417, 428-29 (8th Cir. 2009). The Plaintiffs' allegation that that the Defendants submitted a "false" affidavit which misrepresented that the affiants had reviewed "account records" falls well short of this heightened pleading standard.  The Amended Complaint does not offer any description or definition of "account records" and the Plaintiffs do not specify whether they are referring to HSBC's Account Records, Wells Fargo's Account Records, CPS's computerized records or some combination of the three.  Regardless, the affiants do not even claim to have reviewed

HSBC's Account Records or Wells Fargo's Account Records in the affidavits.

The Plaintiffs' allegation that the affiants did not review the "account records" is implicitly based upon information and belief.  The Defendants acknowledge that when the essential information needed to plead fraud lies uniquely within another party's control, the complaint may plead the particularized facts on "information and belief."  *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009).  However, where allegations of fraud are explicitly or implicitly based only on information and belief, the complaint must set forth the source of the information and the reasons for the belief.  *See Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 878 (1st Cir. 1991).  Where pleading is permitted on information and belief, a complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard.  *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990).  Without setting forth the source of the information and the reasons for the belief that the affiants did not review the account records for Chauna Crawley and Barbara Woodson, the Plaintiffs would be permitted to proceed on a hypothetical which Rule 9(b) was designed to prevent.  *See Romani*, 929 F.2d at 880 (citing *Wayne Investment v. Gulf Oil Corp.*, 739 F.2d 11, 14 (1st Cir. 1984).  Rule 9(b) does not permit a complainant to file suit first, and subsequently to search for a cause of action.  *See Hayduk v. Lanna*, 775 F2d 441, 443 (1st Cir. 1985).

The Plaintiffs fail to set forth the source of the information and the reasons for the belief that support their allegation that the affiants did not review the Plaintiffs' "account records."  The Plaintiffs do not even set forth sufficient facts that support a strong inference of fraud as to the affidavits made regarding Chauna Crawley and Barbara Woodson.  As a result, the Plaintiffs' allegations of fraud specific to Chauna Crawley and Barbara Woodson fall well short of the

heightened pleading requirement set forth in Rule 9(b) and should be dismissed.

## II.    FALSIFIED OR FABRICATED STATEMENTS DO NOT CONSTITUTE ABUSE OF PROCESS UNDER VIRGINIA LAW.

To state a claim for abuse of process under Virginia law, a plaintiff must sufficiently allege: (1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings.  *Donohoe Constr. Co., Inc. v. Mount Vernon Assocs.,* 235 Va. 531, 369 S.E.2d 857, 862 (1988).  Importantly, "[a]buse of process involves the wrongful *use* of process *after* it has been issued."  *Triangle Auto Auction, Inc. v. Cash*, 238 Va. 183, 380 S.E.2d 649, 650 (1989); *see also Vuyyuru v. Jadhav*, 2011 U.S. Dist. LEXIS 42254, 2011 WL 1483725, at *13 (E.D. Va. Apr. 19, 2011) ("A plaintiff must be served with some form of process—such as a summons, writ, subpoena, or notice of deposition—in order to claim the process was abused." *(citing Donohoe Constr. Co., Inc.,* 369 S.E.2d at 862-63; *Mullins v. Sanders*, 189 Va. 624, 54 S.E.2d 116, 121-22 (1949).

In opposition to this Motion to Dismiss, the Plaintiffs' state that "[i]t is not the mere filing of the lawsuit that is challenged here but instead the subsequent submission to the General District Court and service upon the Plaintiffs of fraudulent litigation documents in a fraudulent manner in an effort to deceive the Plaintiffs and the Court into believing that an evidentiary proof of the indebtedness existed in the amount claimed."  Pl. Opp. to Def. Motion to Dismiss at 12.  In essence, the Plaintiffs' abuse of process claim is based upon the alleged misrepresentations contained in the affidavits.   The Plaintiffs' abuse of process claim therefore fails because a misrepresentation is not a "regularly-issued process" which is used improperly "to accomplish some ulterior purpose for which the procedure was not intended."  *Donohoe,* 235 Va. at 539.  Misrepresentations do not fit within the definition of abuse of process in Virginia.  7600 L.P. v.

QuesTech, Inc., 39 Va. Cir. 268, 271 (Va. Cir. Ct. 1996).

This Court recently addressed and dismissed a similar abuse of process claim in *Lucas v. Henrico County Sch. Bd.*, 2012 U.S. Dist. LEXIS 67060, 25-27 (E.D. Va. Apr. 11, 2012).[1]  In *Lucas*, the plaintiff alleged that the defendants falsified and fabricated statements made during an investigation conducted by the Office of Civil Rights.  In dismissing the plaintiff's abuse of process claim, this Court held that "falsified or fabricated statements do not sufficiently constitute an abuse of process under Virginia law." *Id.* at *26 (citing *Vuyyuru*, 2011 U.S. Dist. LEXIS 42254, 2011 WL 1483725, at *13 (holding that the plaintiff failed to state a claim for abuse of process by alleging that the defendants gave perjured testimony at proceedings before the Virginia Board of Medicine for purposes of retaliation).

The Plaintiffs' allegations that the content of the affidavits were false do not support an abuse of process claim. The Plaintiffs must point to the wrongful use of process after it has been issued.  Here, the affidavits were appended to the Warrants in Debt for each of the Plaintiffs. The purpose of the Warrants in Debts was to collect money owed. The Plaintiffs have not denied owing money to the creditors, and they cannot point to any misuse of the Warrants in Debt or the supporting affidavits. Nor have the Plaintiffs alleged with any plausibility that the Defendants had an ulterior motive in filing the collection lawsuit. Accordingly, the abuse of process claim fails and should be dismissed with prejudice.

## III.   CONCLUSION

In order for the Plaintiffs' RICO and abuse of process claims to survive this motion to dismiss, the Plaintiffs need to set forth well plead facts that support their allegations that the

---

[1] This matter came before the Court for a Report and Recommendation on Defendants' Motion for Judgment on the Pleadings from the Hon. M. Hannah Lauck to the Hon. Robert E. Payne.  On April 11, 2012, the Magistrate Judge recommended  dismissal of the abuse of process claim.  On May 10, 2012, the Hon. Robert E. Payne adopted the Report and Recommendation of the Magistrate Judge except with respect to the characterization of the dismissal.

affidavits are false as to each of them.   The Plaintiffs have alleged the affidavits are false because: (1) the affiants claimed personal knowledge of the accounts; and (2) the affiants claimed to review "account records."  Am. Compl. ¶¶ ¶¶ 32, 51.  However, the Plaintiffs' factual allegations are inconsistent with the actual affidavits.  Furthermore, the Plaintiffs fail to set forth the source of the information and the reasons for the belief that support their allegations.

The Plaintiffs should not be permitted to maintain their claims under RICO and for abuse of process by misrepresenting the content of the affidavits.   Since the affidavits are not fraudulent, the Plaintiffs fail to meet the necessary requirement of two predicate acts to maintain a RICO claim.  Moreover, the Plaintiffs' abuse of process claim is based on alleged falsified or fabricated statements in the affidavits.  Falsified or fabricated statements do not sufficiently constitute an abuse of process under Virginia law.  *See Lucas v. Henrico County Sch. Bd.*, 2012 U.S. Dist. LEXIS 67060, 25-27 (E.D. Va. Apr. 11, 2012).  Accordingly, both the RICO and abuse of process claims must be dismissed.

The Defendants respectfully request that the claims for RICO and for abuse of process should be dismissed with prejudice.

CAVALRY PORTFOLIO SERVICES, LLC, et al.,

By Counsel

_____/s/_____

Mark R. Colombell, VSB No. 48183
Robert R. Musick, VSB No. 48601
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
804.649.7545
804.780.1813 Fax
Email: mcolombell@t-mlaw.com
Email: bmusick@t-mlaw.com
*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

I certify that on September 12, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties entitled to receipt thereof, including the following counsel of record:

Matthew J. Erausquin, Esq.
Janelle E. Mason, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Email:  matt@clalegal.com
Email:  Janelle@clalegal.com

Leonard Anthony Bennett, Esq.
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Email:  lenbennett@clalegal.com


_____/s/_____
Mark R. Colombell, VSB No. 48183
Robert R. Musick, VSB No. 48601
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
804.649.7545
804.780.1813 Fax
Email: mcolombell@t-mlaw.com
Email: bmusick@t-mlaw.com
*Counsel for the Defendants*